IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 22 2007

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-00547-BNB

LEWIS E. ALLISON,

    Applicant,

v.

KEVIN MILYARD, Warden, and
ATTORNEY GENERAL OF THE STATE OF [COLORADO] JOHN SUTHERS,

    Respondents.

---

ORDER TO FILE AMENDED APPLICATION

---

    Applicant, Lewis E. Allison, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, Correctional Facility. Mr. Allison submitted to the Court *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. On March 20, 2007, Magistrate Judge Boyd N. Boland ordered the clerk of the Court to commence the instant action.

    The Court must construe liberally the habeas corpus application because Mr. Allison is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Allison will be ordered to file an amended application.

Mr. Allison alleges that he was convicted in Otero County, Colorado, district court on drug charges, and that he was sentenced to six years of imprisonment. He further alleges that he did not appeal directly from his conviction and sentence or initiate any postconviction proceedings. He asserts one claim, i.e., that the DOC currently is withholding the awarding of good-time and earned-time credits because of his convictions in four state criminal cases. However, he fails to provide any facts explaining the circumstances surrounding the withholding or denial of his these credits.

Mr. Allison's submitted habeas corpus application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Allison's habeas corpus application is vague. In addition, he has filed the application pursuant to the wrong statute. A state prisoner challenging the execution of his sentence must do so under 28 U.S.C. § 2241. In the instant action, Mr. Allison is

2

challenging the execution of his sentence, not his conviction. Therefore, he may pursue his claims in this Court by filing a habeas corpus application pursuant to § 2241.

Regardless of the statutory authority for his claims, Mr. Allison must exhaust state remedies before he may raise his claims in federal court. **See Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state's highest court. **See Castille v. Peoples**, 489 U.S. 346, 350-51 (1989). "The exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

As previously stated, Mr. Allison's habeas corpus application fails to comply with Fed. R. Civ. P. 8 by providing a short and plain statement of his claims showing that he is entitled to relief. He will be given an opportunity do so. Mr. Allison will be directed to file an amended application that complies with Fed. R. Civ. P. 8 on the proper, Court-approved form. The amended application Mr. Allison will be directed to file must clarify his claims and the steps he has taken to exhaust his state-court remedies. Accordingly, it is

ORDERED that Mr. Allison file **within thirty (30) days from the date of this order** an amended application that complies with Fed. R. Civ. P. 8 for the reasons discussed in this order. It is

FURTHER ORDERED that Mr. Allison's amended application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Allison, together with a copy of this order, two copies of the following form to be used in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Allison fails within the time allowed to file an amended application as directed, the application will be denied and the action dismissed without further notice.

DATED March 22, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-00547-BNB

Lewis E. Allison
Reg. No. 119465
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on _3-22-07_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk